UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION,

        Plaintiff,

                                      Case No.: 03-73831
v.                                        HONORABLE VICTORIA A. ROBERTS

MOLLERTECH CORP.,

        Defendant.
_____/

## OPINION AND ORDER

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's objections to portions of the Magistrate Judge's Report and Recommendation dismissing claims under the Americans With Disabilities Act [Doc. 32]. For the reasons stated, the Court rejects the contested portions of the Magistrate Judge's Report and Recommendation. The balance of the Report and Recommendation is accepted.

**II.    BACKGROUND**[1]

Paul Bennett was an employee of Mollertech Corporation ("Mollertech"). Bennett suffers from Crohn's disease, which the Equal Employment Opportunity Commission ("EEOC") contends is a disability that qualifies him for protection under the Americans With Disabilities Act ("ADA"). In its complaint, the EEOC alleges that (1) Mollertech's application form violates the ADA and (2) Bennett's rights were violated because

---

[1] A detailed background of this matter is outlined in the Magistrate Judge's Report and Recommendation and incorporated herein. *EEOC v. Mollertech Corp.*, Civ. 03-73831, Report and Recommendation at 3-7 (E.D. Mich. Mar. 31 2005) (hereinafter "R&R").

Mollertech failed to provide a reasonable accommodation for his disability as required by the ADA.

The parties filed cross motions for summary judgment. The EEOC sought judgment only on its claim that Mollertech's application form violates the ADA. The Magistrate Judge found that the application violates the statute. R&R at 14. This portion of the Report and Recommendation is unchallenged.

Mollertech's motion challenged the EEOC's claim that the employer failed to provide a reasonable accommodation to Bennett. Mollertech argued that (1) Bennett was not disabled under the terms of the ADA and (2) the requested accommodation was unreasonable and unrelated to the limitations of the disability. Mollertech Br. Supp. Mo. Summ. J. at 7-11. The Magistrate Judge concluded that a reasonable jury could find that Bennett was disabled under the terms of the ADA. R&R at 16. This finding is also unchallenged.

However, the Magistrate Judge found in favor of Mollertech on its second issue; namely, that the accommodation requested by Bennett was unreasonable and unrelated to his disability. In making this determination, the Magistrate Judge concluded

> that: a) weekend work in connection with monthly and quarterly inventories was an essential function of Bennett's position with Mollertech; b) the March 19, 200[1] work restriction was not related to limitations imposed by Bennett's medical condition, and was not reasonable; c) Mollertech did engage in an interactive process in an effort to achieve reasonable accommodation; and d) Bennett and his physician failed to participate reasonably in an interactive process.

R&R at 19. The EEOC objects to each of these findings, except for the determination that some weekend work was an essential function of Bennett's position.

**III.     STANDARD OF REVIEW**

    A.     Dispositive Motions Resolved By Magistrate Judge

A district court reviews a magistrate judge's disposition of a dispositive motion de novo upon the record or relying upon additional evidence if specific written objections are made. F.R.C.P. 72(b). The EEOC submitted objections to the Magistrate Judge's grant of Mollertech's motion for summary judgment. The Magistrate Judge's Report and Recommendation will be reviewed de novo.

    B.     Summary Judgment

Under Fed. R. Civ. P 56(c), summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Copeland v. Machulis*, 57 F.3d 476, 478 (6th Cir. 1995). A fact is "material" and precludes a grant of summary judgment if "proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Snyder v. AG Trucking Co.*, 57 F.3d 484, 488 (6th Cir. 1995). To meet this burden, the movant may rely on any of the evidentiary sources listed in Rule

56(c). *Cox*, 53 F.3d at 149. Alternatively, the movant may meet this burden by pointing out that the nonmoving party, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case, and on which that party will bear the burden of proof at trial. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937 (6th Cir. 1995); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989). The moving party does not, however, have to support its motion for summary judgment with evidence negating its opponent's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

Once the moving party has met its burden, the burden shifts to the nonmoving party to produce evidence of a genuine issue of material fact. Rule 56(e); *Cox*, 53 F.3d at 150. The nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of its complaint. *Copeland*, 57 F.3d at 479. The mere existence of a scintilla of evidence to support the nonmoving party position will be insufficient; there must be evidence on which a jury could reasonably find for the nonmoving party. *Snyder*, 57 F.3d at 488; *Tolton*, 48 F.3d at 941.

IV.     APPLICABLE LAW AND ANALYSIS

The Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, prohibits discrimination "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "qualified individual with a disability" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

A covered employer violates the ADA if it fails to "make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." 42 U.S.C. § 12112(b)(5)(A). Such reasonable accommodations may include job restructuring, part-time or modified work schedules, or reassignment to a vacant position. 42 U.S.C. § 12111(9). When an employee asserts a claim of disability discrimination based on the employer's failure to reasonably accommodate the employee's disability, the employee "'must establish that a 'reasonable' accommodation is possible, and bears a traditional burden of proof that she is qualified for the position with such reasonable accommodation. If the plaintiff establishes that a reasonable accommodation is possible, the employer bears the burden of proving that such reasonable accommodation would impose an undue hardship.'" *Hoskins v. Oakland County Sheriff's Dep't*, 227 F.3d 719, 728 (6th Cir. 2000) (internal citations omitted); *see also Walsh v. UPS*, 201 F.3d 718, 724-725 (6th Cir. 2000).

The Magistrate Judge recommends granting Mollertech's Motion for Summary Judgment with respect to the unreasonableness of Bennett's accommodation request and Mollertech's duty to engage in the interactive process based on findings that "a) weekend work in connection with monthly and quarterly inventories was an essential function of Bennett's position with Mollertech; b) the March 19, 200[1] work restriction was not related to limitations imposed by Bennett's medical condition, and was not reasonable; c) Mollertech did engage in an interactive process in an effort to achieve

reasonable accommodation; and d) Bennett and his physician failed to participate reasonably in an interactive process." R&R at 19.

> A. The EEOC Has Established A Genuine Issue of Material Fact As To Whether The Requested Accommodation Was Reasonable and Related To Bennett's Medical Condition
>
> 1. Was The Requested Accommodation For A 40 Hour Work Week Or A 40 Hour Work Week, Monday Through Friday Only?

Plaintiff has the burden to establish that the proposed accommodation is reasonable. *Walsh v. UPS*, 201 F.3d 718, 725 (6th Cir. 2000); *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1187 (6th Cir. 1996). "Determining whether a proposed accommodation is reasonable requires a factual determination of reasonableness (perhaps through a cost-benefit analysis or examination of the accommodations undertaken by other employers) untethered to the defendant employer's particularized situation." *Monette*, 90 F.3d at 1184 n. 10; *see also Walsh*, 201 F.3d at 726 n. 3. Whether the proposed accommodation places an undue hardship on an employer is a wholly independent inquiry. *Id.* Indeed, the plaintiff need only show that the proposed accommodation was "generally reasonable." *Monette*, 90 F.3d at 1184 n. 10.

Here, Mollertech contends that Bennett's requested accommodation of work limited to 40 hours, Monday through Friday, was unreasonable and unrelated to his disability. The EEOC does not challenge the unreasonableness of the Monday through Friday restriction. However, it notes that the requested accommodation was not to work only Monday through Friday, but only a restriction to work no more than 40 hours per week.

To support its motion, Mollertech points to the March 19, 2001 disability certificate stating that Bennett should work "no more than 40 [hours] a week, Mon[day through] Fri[day]." Mollertech Mo. Summ. J. at Exh. F. Additionally, Charles Geitzen, Bennett's supervisor at Mollertech, testified at his deposition that he questioned Bennett about the restriction on the March 19 request, stating:

> I says [sic] does this mean that you're not going to be here for the physical inventory at the end of March and you can't work Friday and Saturday and I can't give you a day off or two during the week? And his [Bennett's] only response to me was the doctor says Monday through Friday.

Geitzen Depo. at pp. 30-31. Geitzen testified that no further discussion or clarification of the restriction occurred after that interaction.

Not surprisingly, the EEOC's version differs. To support its contention that the requested accommodation was for a 40 hour work week, and not a 40 hour work week restricted to Monday through Friday, the EEOC points to the deposition and an affidavit from Bennett as well as an affidavit from Bennett's physician, Dr. Sante Bologna. In his affidavit, Dr. Bologna states "In the last restriction note that was written for Mollertech, dated March 19, 2001, it was not my intention to limit him to Monday through Friday only. I was only limiting the number of hours he could work in a given week, and would have gladly clarified this had I been contacted by his employer." Bologna Affidavit at p. 3.[2]

---

[2] Citing *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984), Mollertech argues that Dr. Bologna's affidavit should be disregarded as it is self-servicing and conclusory. The Court should decline this invitation. *Biechele* is distinguishable from the facts of this case in that Dr. Bologna's affidavit does not contradict his earlier deposition. Indeed, Dr. Bologna does not appear to have been deposed. The affidavit is properly before the Court and should be considered in this ruling on the summary judgment motion.

The EEOC also points to two portions of Bennett's deposition testimony:

Q. Did you ask Dr. Bologna to designate that you only work Monday through Friday?
A. I don't remember, but I might have.
Q. Why?
A. Maybe not, maybe he misunderstood me when I said Monday through Friday. I told him I needed at least a couple days to recuperate during the week.
Q. So you wouldn't have cared if it was Wednesday through Sunday, as long as you had two days off?
A. Right.
Q. Did you care if it was two consecutive days or would it have been all right if it was Tuesday or Thursday?
A. I wouldn't care.
Q. So you think this might have been just a communication breakdown with Dr. Bologna mandating Monday through Friday?
A. That very well could be.

Bennett Depo. at pp. 73-74. Additionally, the EEOC points to this portion of Bennett's deposition:

Q. Did you at any time prior to being terminated discuss with Dr. Bologna whether he cared whether you worked Monday through Friday versus other days of the week?
A. No, I didn't discuss it with him.
Q. The fact that the words "Monday through Friday" appear on that disability certificate, you really are not certain how that happened?
A. I told him I would like to have two days off. Maybe just Monday through Friday, regular normal forty hour week.
Q. Maybe he again took two and two and made eight or something?
A. Could be.
Q. Because it wasn't as if you were insisting you wanted Saturday and Sunday off?
A. No. Just probably figured a forty hour work week.

*Id.* at pp. 133-134. Bennett also submitted an affidavit referring to the "forty hour restriction," noting that he told Gietzen that "I would be willing to work Saturday if I could get days off during the week." Bennett Affidavit at p. 3. Lastly, the EEOC contends that

the fact that Kristine Nowowiecki, Mollertech's office manager, attempted to contact Dr. Bologna for clarification of the work restriction also suggests a question of fact exists as to the true meaning of the disability certificate.

Drawing all inferences in the light most favorable to the non-moving party, the Court finds that a genuine issue of material fact exists as to whether Bennett made a reasonable request for accommodation. Bennett testified in his deposition and Dr. Bologna stated in the affidavit that it was not their intention that Bennett not work on Saturdays and Sundays, only that he be limited to a maximum of 40 hours per week. Importantly, Bennett contends that the flexibility of the particular days of work was articulated to his supervisor at Mollertech:

> Q. Did anyone speak to you about this Monday through Friday limitation between March 19 and the time that you were terminated?
> A. The last day, they said something.
> Q. Who is they?
> A. [Charles Gietzen] asked me if it was possible if I came in on a Saturday to help with inventory if he were to give me a day off during the week, and I said that should not be a problem. He said we have to clear it through your doctor. I said that ain't a problem either.
> Q. You said fine with me if its okay with my doctor?
> A. I said it's fine with me. And he said you will have to get it cleared through your doctor. I go, that should not be a problem.

Bennett Depo. at p. 76. Indeed, Gietzen's deposition contradicts Bennett's account. Nonetheless, Bennett's deposition, his affidavit, and Dr. Bologna's affidavit, coupled with the fact that Mollertech's office manager attempted to contact Dr. Bologna for clarification of the disability certificate, are sufficient to establish that a question of fact exists as to what was the requested accommodation. This evidence, viewed in the light most favorable to the non-moving party, establishes a genuine issue of material fact as to whether Bennett's requested accommodation was for a 40 hour work week, without a

restriction on specific days, or for a 40 hour work week, Monday through Friday only.

### 2. The Reasonableness of the 40 Hour Work Week Restriction

The EEOC contends that the Magistrate Judge's findings included resolution of an issue not before the Court, specifically the finding that the request for a 40 hour work week was unreasonable. Mollertech did not respond to this particular objection.

A district court may not grant summary judgment on grounds not urged by the moving party without giving adequate notice to the nonmoving party, unless there is no prejudice to the nonmoving party. *See Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970 (6th Cir. 1989); *Beaty v. United States*, 937 F.2d 288, 291 (6th Cir. 1991). The reason for this rule is that Rule 56(c) "mandates that the party opposing summary judgment be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." *Routman*, 873 F.2d at 971; *see also Yashon v. Gregory*, 737 F.2d 547 (6th Cir. 1984); *Kistner v. Califano*, 579 F.2d 1004 (6th Cir. 1978) (per curiam). The Sixth Circuit continued, "'[w]e hold that where a district court is contemplating entering *sua sponte* summary judgment against one of the parties, that party is entitled to unequivocal notice of the court's intentions.'" *Routman*, 873 F.2d at 972 (*quoting Yashon*, 737 F.2d at 552).

A review of the initial motion for summary judgment indicates that the reasonableness of the 40 hour per week restriction was not challenged in Mollertech's motion for summary judgment. The motion limited its argument to only the Monday through Friday portion for the request and the alleged restriction on weekend work. See Mollertech Mo. Summ. J. at 10-11 ("Because the accommodation limiting Bennett's hours to Monday through Friday alone would require other Mollertech employees to

work harder and longer, such accommodation is not required under the ADA as it is unreasonable.... Bennett could still work weekends, as his Crohn's symptoms know no calendar. Bennett even admitted that the days on which he worked was irrelevant. [The March 19] certificate... only slightly reduced his hours but unreasonably constrained them to certain days, which is irrelevant with respect to accommodating his Crohn's symptoms."). Therefore, the EEOC does not appear to have been noticed that the reasonableness of the 40 hour work restriction was a basis for summary judgment under consideration by the Court.

It appears that Mollertech may have first challenged the reasonableness of the 40 hour work restriction in a reply brief. See Mollertech Reply Mo. Summ. J. at p. 2. However, this does not justify the Magistrate Judge's ruling since it is well-settled that a party may not raise new issues in a reply brief. *See United States v. Washington*, 127 F.3d 510, 513 (6th Cir. 1997) (*citing United States v. Perkins*, 994 F.2d 1184, 1191 (6th Cir. 1993)) (holding that issues raised for the first time in a reply brief are not reviewable). The Sixth Circuit noted that "[t]he doctrine of *Washington* and *Perkins* is intended to ensure that the opposing party has had a full and fair opportunity to consider and respond to the issue in question." *Holloway v. Brush*, 220 F.3d 767, 774 (6th Cir. 2000). The timing of Mollertech's challenge to the 40 hours limitation makes it inappropriate for the Court to determine at this time whether that alleged proposed accommodation was unreasonable.

Nonetheless, even if it were appropriate to make a determination as to whether the 40 hour work restriction was reasonable, the Court rejects the Magistrate Judge's finding that the restriction of Bennett to 40 hours per week was unreasonable. The

Sixth Circuit has held that "[d]etermining whether a proposed accommodation is reasonable requires a factual determination of reasonableness (perhaps through a cost-benefit analysis or examination of the accommodations undertaken by other employers) untethered to the defendant employer's particularized situation." *Monette v. Electronic Data Systems Corp.*, 90 F.3d 1173, 1184 n. 10 (6th Cir. 1996). Indeed, there needs only to be a determination that the requested accommodation was "generally reasonable." *Id*. In order to be reasonable, the requested accommodation must be "a method of accommodation that is reasonable in the run of the cases." *LaPorta v. Wal-Mart Stores, Inc.*, 163 F.Supp.2d 758, 767 (W.D. Mich. 2001).

Neither the Magistrate Judge nor Mollertech argues that the EEOC cannot establish that the 40 hour per week restriction is reasonable based on a cost-benefit analysis, examination of the accommodations undertaken by other employers, or in similar cases regarding Crohn's disease. Mollertech and the Magistrate Judge urge that summary judgment should be granted regarding the 40 hour work restriction because

> [t]he 40 hour per week limit was issued only 10 days after a previous reduction in Bennett's work week from 48 to 42 hours. Bennett testified that he may have presented the March 9, 2001 note to Mollertech on the following Monday, March 12, 2001. Assuming Mollertech's instantaneous compliance with the March 9th restriction, Dr. Bologna had no more than one week to assess the need for additional restriction. Bennett testified that he returned to the doctor because of a "minor flare-up," and that he may have asked Dr. Bologna for the additional restriction.

R&R at 21. The issue of reasonableness is determined not by the impact of a 42 hour work week versus a 40 hour work week in this particular instance, but instead by an independent evaluation of the reasonableness of Bennett's request for a 40 hour work restriction as compared to similar cases. Bennett's request for a 40 hour work week is

challenged only based on the timing of the reduction from 42 to 40 hours. This is not an appropriate basis upon which to challenge the reasonableness of the 40 hour per week limitation. Therefore, a grant of summary judgment on the question of the reasonableness of the 40 hour work restriction is inappropriate.

      B.     A Question of Fact Remains As To Whether Mollertech Participated Fully In The Interactive Process

Both the governing EEOC regulations and the courts recognize that the ADA contemplates an "interactive process," through which both the employer and the employee seek to identify a reasonable accommodation of the employee's disability. *See* 29 C.F.R. § 1630.2(o)(3); *Smith v. Henderson*, 376 F.3d 529, 536 (6th Cir. 2004); *EEOC v. United Parcel Serv., Inc.*, 249 F.3d 557, 562 n.1 (6th Cir. 2001). The Regulations explain that an appropriate reasonable accommodation "is best determined through a flexible, interactive process that involves both the employer and the [employee] with a disability." 29 C.F.R. 1630, App. § 1630.9. Indeed, "[i]f an employer's unwillingness to engage in such a process leads to a failure to reasonably accommodate an employee, the employer might be liable under the ADA." *Smith*, 376 F.3d at 536. Conversely, a breakdown in the interactive process that is the result of an employee's action or inaction could bar an ADA claim in the face of adverse employment action. *See Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1045 (8th Cir. 2005).

"An employer impedes the [interactive] process when: [1] the employer knows of the employee's disability; [2] the employee requests accommodations or assistance; [3] the employer does not in good faith assist the employee in seeking accommodations;

and [4] the employee could have been reasonably accommodated but for the employer's lack of good faith." *Kratzer*, 398 F.3d at 1045. Thus, courts have held that an employer is not responsible for a breakdown in the interactive process unless the employer actually failed to offer a reasonable accommodation. *See Rehling v. City of Chicago*, 207 F.3d 1009, 1016 (7th Cir. 2000); *Lockard v. GMC*, 52 Fed. Appx. 782, 788 (6th Cir. Dec. 11, 2002) (unpublished).

The EEOC contends that a question of fact exists as to whether Mollertech failed to participate in the interactive process and prematurely terminated Bennett. It appears that Mollertech does not directly challenge this allegation in its briefs; it only argues that the requested accommodation was unreasonable and thus, there was no requirement to engage in the interactive process. The Magistrate Judge found that "Mollertech immediately responded to the unreasonable restriction with a legitimate explanation of its concern, and an indication of its inability to accommodate the weekend work restriction in a manner consistent with the performance of its essential job functions. The evidence is also uncontradicted that the company sought clarification from Dr. Bologna." R&R at 28. The Magistrate Judge also found "by more than a preponderance that Mr. Gietzen also sought clarification from Bennett, and received no response." *Id.* Based on this, the Magistrate Judge concluded that "if there was a failure to engage in an interactive process, it cannot be attributed to Mollertech, but must be laid at the door of an indifferent, if not opportunistic, employee and his careless and imprecise physician." *Id.* This Court disagrees and rejects this finding by the Magistrate Judge.

For the purposes of the Motion for Summary Judgment, it appears to be

uncontested that Mollertech knew of Bennett's disability and Bennett requested accommodations or assistance. Mollertech opines that the requested accommodation must be reasonable to trigger the interactive process, and Bennett's request was unreasonable. This argument fails because, as discussed, *supra*, a question of fact remains as to whether Bennett's requested accommodation was reasonable. *See Smith v. Henderson*, 376 F.3d 529, 536 (6th Cir. 2004) (finding that letter requesting reasonable accommodation "triggered the [employer's] obligation participate, in good faith, in an 'interactive process' with [the employee] as to potential reasonable accommodations"). Therefore, if the accommodation request was reasonable, Mollertech was obligated to participate in the interactive process.

A genuine question of material fact exists as to whether Mollertech fully participated in the interactive process. As evidence of participation in the interactive process, Mollertech and the Magistrate Judge point to three actions: (1) Gietzen's alleged discussion with Bennett at the time of receipt of the March 19 accommodation request, where Gietzen noted that the Monday through Friday limitation was unworkable; (2) an alleged attempt by Gietzen to obtain clarification from Bennett, but got no response; and (3) Nowoweicki's alleged attempt to contact Defendant's physician to obtain clarification of the limits of the March 19 accommodation request. To support its assertions, Mollertech points to the depositions of Gietzen and Nowoweicki. However, viewed in the light most favorable to the EEOC, a genuine issue of material fact exists as to whether Mollertech actively participated in the interactive process and whether Bennett broke off the interactive process.

       1.    Geitzen's Discussion With Bennett At The Time Of Receipt Of The

March 19 Accommodation Request

Geitzen's allegation that he informed Bennett that the March 19 accommodation request was unworkable is insufficient to establish appropriate participation in the interactive process.  Additionally, Bennett's alleged response– that the doctor restricted him to work only Monday through Friday– is insufficient to establish that Bennett broke off the interactive process.

Geitzen testified at his deposition that he sought to question Bennett about the March 19 restriction, stating:

> I says [sic] does this mean that you're not going to be here for the physical inventory at the end of March and you can't work Friday and Saturday and I can't give you a day off or two during the week? And his [Bennett's] only response to me was the doctor says Monday through Friday.

Geitzen Depo. at pp. 30-31.[3]  The substance of Geitzen's allegations are challenged by portions of Bennett's deposition testimony:

> Q. Did anyone speak to you about this Monday through Friday limitation between March 19 and the time that you were terminated?
> A. The last day, they said something.
> Q. Who is they?
> A. [Charles Gietzen] asked me if it was possible if I came in on a Saturday to help with inventory if he were to give me a day off during the week, and I said that should not be a problem.  He said we have to clear it through your doctor.  I said that ain't a problem either.
> Q. You said fine with me if its okay with my doctor?
> A. I said it's fine with me.  And he said you will have to get it cleared through

---

[3] Much has been made of the EEOC's failure to directly rebut this portion of Gietzen's deposition.  Bennett testified that he does not recall this conversation. Bennett Depo. at p. 76 (Q: Did either of them [Geitzen or Nowoweicki] react [when given the March 19 accommodation request]?  A: Not that I can remember, no."); Bennett Affidavit at p. 3 ("When I gave the March 19, 2001, forty hour restriction not to my supervisor, Charles Gietzen, I do not recall him saying anything significant to me about it.") However, even if Gietzen's deposition testimony is true, the other evidence submitted by the EEOC is, nonetheless, sufficient to create a material question of fact.

your doctor. I go, that should not be a problem.

Bennett Depo. at p. 76.  Thus, Bennett contends that the first discussion of the Monday through Friday restriction was on his last day of employment.  Indeed, accepting the evidence in the light most favorable to the EEOC, it appears from this deposition testimony that Mollertech's concern that the restriction was limited to Monday through Friday was clarified, and it was put on notice that Bennett would work weekends if he had days off during the week.  Bennett's testimony is sufficient to rebut Mollertech's contention that Bennett broke off the interactive process.

Additionally, Bennett contends that he was discharged subsequent to (but on the same day as) this exchange with Gietzen.  Viewing this testimony in the light most favorable to Bennett, a question of fact remains as to whether Mollertech engaged in the interactive process in good faith.

        2.        Bennett's Failure To Obtain Clarification From Dr. Bologna

Mollertech and the Magistrate Judge contend that Bennett failed to obtain clarification of the work restriction from Dr. Bologna.  However, as noted, *supra*, Bennett contends that Mollertech requested that he obtain clarification of the March 19 note only on the day of his discharge.  Mollertech disputes this assertion.  Therefore, a question of fact remains as to whether Bennett broke off the interactive process by failing to obtain timely clarification of the March 19 work restriction.

        3.        Mollertech's Phone Call To Dr. Bologna Seeking Clarification Of The March 19 Work Restriction

The Magistrate Judge also argues that Bennett broke off the interactive process because his physician did not return one phone call allegedly made by Nowowiecki to

clarify the March 19 disability certificate. From the outset, the Court notes that Nowowiecki's testimony that a call was made to Dr. Bologna does not go unchallenged. Indeed, in his affidavit, Dr. Bologna noted that he "was only limiting the number of hours [Bennett] could work in a given week, and would have gladly clarified this had I been contacted by his employer." Bologna Affidavit at 3 (emphasis added). This affidavit is sufficient to deny summary judgment; a question of fact remains as to whether Nowowiecki placed the call to Dr. Bologna.

Furthermore, the case relied on by the Magistrate Judge for the proposition that a physician's failure to return a phone call from an employer is a breakdown in the interactive process attributable to the employee is distinguishable. The Magistrate Judge relies on *Vawser v. Fred Meyer, Inc.*, 19 Fed. Appx. 722 (9th Cir. Oct. 4, 2001) (unpublished). In *Vawser*, the physician recommended a structured five-day work week to accommodate the employee's illness. The employer contacted the physician and requested clarification on the recommendation. This contact was presumably by a means other than telephone since the employer provided the physician with the employee's job description and work schedule. The Court found that the evidence in the record suggested that the physician "unilaterally decided that [the employer's] request for clarification was not responsive and then decided to take [the employee] off work. By treating [the] inquiry... as if it were an unequivocal rejection of accommodation, [the employee's physician] broke off the interactive process the ADA requires." *Id.* at 724. The Court also noted importantly that "[t]he record does not indicate that [the employer] rejected any accommodation [the employee] proposed." *Id.*

The facts of this case are very different from *Vawser*. First, here there is a

question of fact as to whether Dr. Bologna even received a request for clarification of the March 19 disability certificate. Second, there is no evidence that Dr. Bologna intentionally broke off the interactive process by terminating discussion. Lastly, and importantly, Bennett did not stop work because his physician instructed him to do so. Instead, there is evidence to support the EEOC's contention that Bennett was discharged by Mollertech after it rejected the requested accommodation. Under these circumstances, a material question of fact remains as to whether Dr. Bologna's failure to return the phone call broke off the interactive process.

## V. CONCLUSION

For these reasons, the Court rejects the contested portions of the Magistrate Judge's Report and Recommendation; and Mollertech is denied summary judgment with regard to the reasonableness of the requested accommodation and whether it is related to the limitations of the disability. The balance of the Report and Recommendation is accepted.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
**Victoria A. Roberts
United States District Judge**

**Dated: August 12, 2005**

> **The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 12, 2005.**
>
> **s/Linda Vertriest
> Deputy Clerk**