UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

V.

MOLLERTECH CORP.,

Defendant.
_____

Case No. 03-73831

Hon. Victoria Roberts

Laurie Young
Robert K. Dawkins (P38289)
Dale Price (P55578)
Equal Employment Opportunity Commission
Detroit Field Office
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 226-6701/6584(Fax)

Patrick McLain (P25458)
KERR, RUSSELL & WEBER, PLC
Detroit Center, #2500
500 Woodward Avenue
Detroit, MI 48226
(313) 961-0200/0388(Fax)

## CONSENT DECREE

1. Plaintiff, the United States Equal Employment Opportunity Commission ("the Commission"), filed this action on September 29, 2003, in the United States District Court for the Eastern District of Michigan, Southern Division. The Commission alleges that Defendant Mollertech Corp. engaged in discriminatory employment practices when it failed to reasonably accommodate and then terminated Paul Bennett ("Bennett") on the basis of his disability in violation of Title I of the Americans with Disabilities Act ("ADA").

2. As a result of settlement discussions, the Commission and Mollertech have resolved their differences and have agreed that this action should be settled. It is the intent of the parties that this Decree be a final and binding settlement in full disposition of any and all claims alleged against

Mollertech or which could have been alleged against Mollertech in the complaint filed by the Commission on behalf of Bennett.

## STIPULATED FACTS

3.      The Commission is the agency of the United States government authorized by the ADA to investigate all allegations of unlawful employment discrimination based on disability, to bring civil actions to prohibit unlawful practices, and to seek relief for individuals affected by such practices.

4.      Pursuant to the ADA, the parties acknowledge the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division, over the subject matter and the parties to this case for the purpose of entering this Decree and, if necessary, enforcing this Decree.

5.      Venue is appropriate in the Eastern District of Michigan, Southern Division. For purposes of this Decree and any proceedings related to this Decree only, Mollertech agrees that all statutory conditions precedent to the institution of this lawsuit against Mollertech have been fulfilled.

## FINDINGS

6.      Having examined the terms and provisions of the Consent Decree and based on the pleadings, records, and stipulations of the parties, the Court finds the following:

   a. The Court has jurisdiction over the subject matter of the action and the parties to this action.

   b. The terms and provisions of this Consent Decree are fair, reasonable and just. The rights of Mollertech and the Commission are protected adequately by this Decree.

   c. This Consent Decree conforms with the Federal Rules of Civil Procedure and the ADA, and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of the ADA and

other applicable laws and will be in the best interests of the parties and those for whom the Commission seeks relief.

NOW, THEREFORE, IT IS HEREBY DECREED AS FOLLOWS:

### **NON-ADMISSION**

7.      This Decree shall not constitute an adjudication or finding on the merits of the case and shall not be construed as an admission by Mollertech of any violation of Title I of the Americans with Disabilities Act.

### **NON-DISCRIMINATION**

8.      Mollertech, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them or any of them, shall comply with the provisions of the Americans with Disabilities Act.  Mollertech, its officers, agents, employees, successors, assigns and all persons in active concert or participation with them shall make an individualized assessment of an applicant's or employee's ability to work with or without reasonable accommodation post-offer and before making a termination decision. Mollertech shall engage in an interactive process with the disabled employee to explore possible accommodations. Mollertech shall not automatically terminate an employee who proposes an accommodation that it cannot provide without incurring an undue hardship without asking for further information or clarification from the employee and giving the employee a reasonable period of time (at least fourteen (14) days) to provide such clarification.

### **NON-RETALIATION**

9.       Mollertech shall not take any action against any person which constitutes intimidation, retaliation, harassment or interference with the exercise of such person's rights under federal law because of the filing of a charge of discrimination with the Commission, which forms the basis for the present case, or because such person gave assistance or participated in any manner in any

investigation or proceeding in connection with this case under the Americans with Disabilities Act. Respondent shall not terminate an employee because they requested an accommodation, even if the requested accommodation was unreasonable or would pose an undue hardship

## MONETARY COMPENSATION

10. Mollertech shall pay monetary damages to Paul Bennett in the amount of $13,750.00. The check shall be made payable to Bennett, and mailed directly to Bennett by certified mail within 10 days after the order of dismissal has been entered by the Court. A photocopy of the check and a photocopy of the certified mail receipt shall be mailed to Laurie Young (or her successor), Regional Attorney, EEOC, Indianapolis District Office, 101 W. Ohio Street, Ste. 1900, Indianapolis, IN 46204.

## TRAINING

11. Mollertech shall provide mandatory training regarding the ADA to all current employees, managers and supervisors. The training shall emphasize the interactive process and reasonable accommodation requirements of the ADA, and include specific examples of reasonable accommodations under the ADA.

12. The training of current employees, managers and supervisors shall be completed within one year from the date this Decree has been filed with the Court. Upon completion of the training, Mollertech shall certify to the Commission within thirty days that the required training was undertaken and shall provide the Commission with a roster of all employees, managers and supervisors in attendance, a list of topics covered and the identity (including corporate affiliation) of the trainer.

## APPLICATION FORM

12. Mollertech agrees to revise the application form currently in use. Specifically, it will

modify the two areas of the application that the Magistrate Judge ruled were violations of the ADA in its Recommendation and Report of March 31, 2005, to ensure that they comply with the requirements of the ADA and the EEOC's Enforcement Guidance: Preemployment Disability-Related Questions and Medical Examinations and Enforcement Guidance: Disability-Related Inquiries and Medical Examinations of Employees Under the Americans With Disabilities Act (2000). The modifications shall be consistent with the recommendations in the EEOC's briefs in support of its motion for partial summary judgment. Defendant shall provide a copy of the new application to the Commission for its approval. Mollertech further warrants that it will destroy the copies of the challenged application, will no longer use those it currently has in its possession. Mollertech further warrants that it has not and will not conduct random medical or alcohol testing of employees.

## POSTING OF NOTICE

13. Within ten days of the execution of this Decree, Mollertech shall post the notice attached as Exhibit A at its Shelby Township, Michigan facility. The notice shall remain posted for the duration of the decree. In the event that the notice becomes defaced, marred or otherwise unreadable, Mollertech shall immediately post a readable copy in the same manner. Mollertech shall make the notice available for inspection by the Commission upon reasonable notice.

## DISPUTE RESOLUTION AND COMPLIANCE

14. The Court shall retain jurisdiction and will have all available equitable powers, including injunctive relief, to enforce this Decree. Upon motion of either party, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance before seeking review by the Court, and shall be required to give notice to each other ten (10) days before moving for such review. All parties may

conduct expedited discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree or defending against a claim of non-compliance, with fifteen (15) business days notice for depositions, entry to premises and access to documents and, with fifteen (15) business days notice for responses to written discovery.

## COURT COSTS AND ATTORNEY FEES

15.     All parties shall bear their own costs and expenses of litigation, including attorneys fees.

## SEVERABILITY

16.     If any provision of this Decree is found to be unenforceable by a court of competent jurisdiction, only the specific provision in question shall be affected, and the other enforceable provisions shall remain in full force and effect.

## MISCELLANEOUS

17.     The terms of this Consent Decree shall be binding upon the present and future owners, officers, directors, agents, trustees, administrators, successors, representatives, and assigns of Mollertech.

18.     This agreement constitutes the entire agreement and commitments of the parties. Any modifications to this Decree must be mutually agreed upon and memorialized in a writing signed by authorized representatives of Mollertech and the Commission.

19.     When this Consent Decree requires or permits the submission by Mollertech of any documents to the Commission, the documents shall be mailed by certified mail to Laurie Young (or her successor), Regional Attorney, EEOC, Indianapolis District Office, 101 W. Ohio Street, Ste. 1900, Indianapolis, IN 46204.

## TERM OF DECREE

20.     This Decree shall remain in effect for three (3) years from the date of its execution by

Mollertech.

## CONCLUSION

21.     The terms of this Decree have been fully reviewed by the appropriate officials of the Commission and Mollertech, and both the Commission and Mollertech enter into the Decree knowingly and voluntarily, with a firm understanding of both the rights they are giving up and the obligations they are undertaking by this Decree.

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** | **MOLLERTECH CORP.** |
| | By: |
| | ___/s/ Moritz Von Moeller_____<br>Representative, Mollertech Corp. |

_____/s/ Dale Price_____
ROBERT K. DAWKINS (P38289)
Supervisory Trial Attorney

DALE PRICE (P55578)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Avenue, Room 865
Detroit, MI 48226
(313) 22-5670

**IT IS SO ORDERED:**

                                          S/Victoria A. Roberts_____
                                          Victoria A. Roberts
                                          United States District Judge

Dated:  April 3, 2006

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on April 3, 2006.
>
> S/Carol A. Pinegar_____
> Deputy Clerk

**ATTACHMENT A**
**NOTICE**

   This notice is being posted as a result of a Consent Decree entered into between the United States Equal Employment Opportunity Commission and Mollertech Corp. in <u>EEOC v. Mollertech Corp.</u>, Eastern District of Michigan Case No. 03-73831.  The lawsuit alleged that Mollertech Corp. violated Title I of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §12101 *et seq*. ("ADA"), when it failed to reasonably accommodate a qualified employee with a disability and terminated his employment on the basis of his disability. This notice is intended to inform you of your rights guaranteed by federal law under the ADA, which prohibits discrimination against any employee on the basis of disability with regard to any term or condition of employment including hiring, layoff, recall, promotion, discharge, pay and fringe benefits, or in retaliation for opposition to unlawful employment practices.

   The United States Equal Employment Opportunity Commission is the federal agency which investigates charges of unlawful employment discrimination and, if necessary, brings lawsuits in federal court to enforce the employment provisions of Title I. Any employee who believes that he or she is the victim of discrimination or retaliation has the legal right to file a charge of discrimination with the U.S. Equal Employment Opportunity Commission.

   MOLLERTECH CORP. supports and will comply with this federal law in all respects, and will not take any action against any employee because of the exercise of rights under these laws.

_____        _____
Dated                          MOLLERTECH CORP.